```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LUIS ESCALANTE,

                Petitioner,             MEMORANDUM & ORDER
                                        08-CV-2040 (JS)
        -against-

WILLIAM BROWN,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:    Luis Escalante, pro se
                   01A2532
                   Eastern New York Correctional Facility
                   P.O. Box 338
                   Napanoch, NY 12458

For Respondent:    Edward A. Bannan, Esq.
                   Suffolk County District Attorney's Office
                   200 Center Drive
                   Riverhead, NY 11901
```

SEYBERT, District Judge:

On May 16, 2008, Luis Escalante ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and on July 25, 2008, Petitioner filed an Amended Petition. The Amended Petition argued that Petitioner received ineffective assistance of counsel and that Petitioner had been unlawfully subject to a post-release supervision period after his sentencing in violation of Petitioner's Fourteenth Amendment rights.

On July 30, 2009, this Court dismissed Petitioner's post-release supervision claims as moot because the procedurally infirm term of post-release supervision had been lifted, the matter was remitted to the trial court, and the trial court properly re-sentenced Petitioner to a post-release supervision term. The Court

granted Petitioner thirty days to show cause, via written affirmation, why his remaining claim for ineffective assistance of counsel should not be dismissed as time-barred. Over thirty days have passed, and Petitioner has not responded. For the reasons stated below, the Court dismisses Petitioner's ineffective assistance of counsel claim as time-barred.

## DISCUSSION

Petitioners seeking habeas corpus relief pursuant to 28 U.S.C. § 2244 must file their petitions within one year of the date that their convictions became final. The one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all state convictions that became final after April 24, 1996. See 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 48 (1997).

The AEDPA limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA provides for the tolling of the one-year limitations period for that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2).

Here, the Appellate Division affirmed Petitioner's judgment of conviction on September 8, 2003. People v. Escalante, 764 N.Y.S.2d 197 (2d Dep't 2003). Although Petitioner claims that he filed an appeal, and that leave to appeal was denied, there is no record of Petitioner having done so. In any event, Petitioner did not file a 440.10 motion until August of 2006. This motion was denied on October 26, 2006. Thereafter, Petitioner filed a 440.20 motion on August 15, 2007, which was denied on November 27, 2007. Even if the Court were to toll the time during which these motions were pending, it is clear that well over one year passed after Petitioner's judgment of conviction became final and before Petitioner filed his first state post-conviction motion.

I. The Factual Predicate Exception

The AEDPA does, however, provide several exceptions to the one year from finality of judgment limit. The exceptions do not toll the limitations period; rather, they "reset the limitations period's beginning date, moving it from the time when

the conviction became final . . . to the later date on which the particular claim accrued." <u>Wims v. United States</u>, 225 F.3d 186, 190 (2d Cir. 2000). One such exception restarts the statute of limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"[T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends" on many questions that are "appropriately answered by the district court." <u>Wims</u>, 225 F.3d at 190-91. If it "plainly appears from the face of . . . [the] petition and supporting papers" that a petitioner unreasonably delayed in filing the petition, then the Court may bar the petition. <u>Id.</u> at 191.

A duly diligent person need only exercise reasonable diligence and not the "maximum feasible diligence" to discover the new evidence that substantiates a habeas claim. <u>Id.</u> (citing <u>Armstrong v. McAlpin</u>, 699 F.2d 79, 88-89 (1983)). A petitioner need not possess all the evidence supporting the habeas petition; rather, the factual predicate exception expires and the limitation clock begins to tick when a petitioner is "on notice of the facts, which would support a claim." <u>Hector v. Greiner</u>, No. 99-CV-7863, 2000 U.S. Dist. LEXIS 12679, at *3 (E.D.N.Y. Aug. 29, 2000) (<u>quoting</u> <u>Ludicore v. N.Y. State Div. of Parole</u>, No. 99-CV-2936, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999)). Once a petitioner

4

is on notice of evidence that may serve as part of the basis of a habeas petition, the one year statute of limitations period begins. See id.

Petitioner has not made any argument with respect to the factual predicate exception. The Court granted Petitioner thirty days to respond as to why Petitioner's claim of ineffective assistance of counsel should not be dismissed as time-barred; Petitioner failed to respond, and therefore the Court is not aware of any facts triggering the factual predicate exception.

II. Equitable Tolling does not Apply in this Case

The only issue then is whether the doctrine of equitable tolling excuses the Petitioner's failure to comply with the time limitations. "Equitable tolling applies only in the rare and exceptional circumstance." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citation omitted). To invoke the doctrine, a petitioner must show that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." Id. (citation omitted).

Petitioner has not responded to this Court's Order to Show Cause with any arguments regarding equitable tolling. However, the Court notes that Petitioner briefly stated in his Amended Petition that the one-year statute of limitations should not bar his petition because "petitioner claims his actual

5

innocence as an aegis." To the extent that Petitioner claims that actual innocence equitably tolls his petition, the Court rejects any such argument.

It is clear that "equitable tolling is available on the basis of actual innocence only in a case in which the petitioner has made a credible claim of actual innocence." Doe v. Menefee, 391 F.3d 147, 160 (2d Cir. 2004). "A showing of 'actual innocence' in the habeas context requires a petitioner to 'establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Castillo v. Ercole, No. 07-CV-11256, 2009 U.S. Dist. LEXIS 45606, at *16, 17 (S.D.N.Y. May 27, 2009) (quoting House v. Bell, 547 U.S. 518, 536-37, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

Here, Petitioner does not make a credible claim of actual innocence. The one sentence in Petitioner's papers mentioning actual innocence cites to "the results of his polygraph examination" to support his claim of actual innocence. The results of a polygraph examination do not establish that it is more likely than not that no reasonable jury would have found Petitioner guilty beyond a reasonable doubt. See Burch v. Millas, No. 03-CV-0387, 2009 U.S. Dist. LEXIS 71785, at *117-118 (W.D.N.Y. Aug. 14, 2009) (finding that petitioner had not established "actual innocence" by citing to the result of a polygraph examination because "as the

6

Supreme Court has pointed out, '[T]here is simply no consensus that polygraph evidence is reliable. To this day, the scientific community remains extremely polarized about the reliability of polygraph techniques.'") (quoting United States v. Scheffer, 523 U.S. 303, 310-11, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998)). Moreover, Petitioner has not demonstrated that he pursued any alleged claims of actual innocence with reasonable diligence. See id. at 161.

Thus, the Court finds that Petitioner's claim of ineffective assistance of counsel is time-barred.

III. A Certificate of Appealability is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

## CONCLUSION

This Court denies the remaining claim of ineffective assistance of counsel in Petitioner's writ of habeas corpus as untimely. The Court will not issue a certificate of appealability. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September 21, 2009